UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br><br>   v.<br><br>PABLO CATANO,<br><br>               Defendant. | Case No. CR16-287JLR<br><br>**DETENTION ORDER** |

The Court, having conducted a detention hearing pursuant to Title 18 U.S.C. § 3142(f), and based upon the factual findings and statement of reasons for detention hereafter set forth, finds that no condition or combination of conditions which the defendant can meet will reasonably assure the appearance of the defendant as required and the safety of any other person and the community. Defendant has been charged with a drug offense, the maximum penalty of which is in excess of ten years. There is a rebuttable presumption against defendant as to both dangerousness and flight risk, under 18 U.S.C. §3142(e).

**FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION**

(1)   Defendant has been charged by indictment with conspiracy to distribute controlled substances. This is a drug offense with a maximum sentence of ten years or more and there is serious risk the defendant will flee. The United States invoked the rebuttable

DETENTION ORDER - 1

presumption against defendant under 3142(e) based on probable cause to believe the defendant committed a drug offense with a maximum sentence of ten years or more. Defendant has no prior criminal convictions for felony offenses. The Court received information about defendant's travel to Mexico, personal history, residence, family or community ties, employment history, financial status, health, and substance use. The defendant through his attorney made argument as to release, lodged objections to the contents of the United States Probation and Pretrial report and detention. The defendant is viewed as a risk of nonappearance based on his differing reports of his travel history to Mexico and the financial resources available to the defendant. The defendant is viewed as a risk of danger based upon the nature of the instant offense.

It is therefore **ORDERED**:

(1) Defendant shall be detained pending trial and committed to the custody of the Attorney General for confinement in a correctional facility separate, to the extent practicable, from persons awaiting or serving sentences, or being held in custody pending appeal;

(2) Defendant shall be afforded reasonable opportunity for private consultation with counsel;

(3) On order of a court of the United States or on request of an attorney for the Government, the person in charge of the correctional facility in which Defendant is confined shall deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding; and

(4) The Clerk shall direct copies of this order to counsel for the United States, to counsel for the defendant, to the United States Marshal, and to the United States Pretrial Services Officer.

DETENTION ORDER - 2

(5)     Either the Government or Defendant may move to reopen this hearing upon proper written motion with supporting affidavits.

DATED this 9th day of November, 2016.

PAULA L. MCCANDLIS
United States Magistrate Judge

DETENTION ORDER - 3